Eric A. Savage
LITTLER MENDELSON, P.C.
One Gateway Center, Third Floor
Newark, New Jersey 07102
(973) 848-4700
Bar No. GSP 5464

Louis S. Mastriani (*Admitted Pro Hac Vice*)
Rodney R. Sweetland, III (*Admitted Pro Hac Vice*)
Michael L. Doane (*Admitted Pro Hac Vice*)
ADDUCI, MASTRIANI AND SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
(202) 467-6300

Counsel for Defendant
FISHER TOOLING COMPANY, INC.,
d/b/a ASTRO PNEUMATIC TOOL COMPANY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| S&G  TOOL AID CORP., <br><br> Plaintiff, <br><br> v. <br><br> FISHER TOOLING COMPANY, INC., d/b/a ASTRO PNEUMATIC TOOL COMPANY, <br><br> Defendant. <br> ---------------------------------------------------- <br> FISHER TOOLING COMPANY, INC., d/b/a ASTRO PNEUMATIC TOOL COMPANY <br><br> Counterclaimant, <br><br> v. <br><br> M. EAGLES TOOL WAREHOUSE, INC. d/b/a S&G TOOL AID CORP., INC., AUTOMOTIVE NORTHERN WAREHOUSE, INC., <br><br> Counterclaim Defendants. | Civil Action No. 97-1568 (JAG) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT/COUNTER-COUNTERCLAIMANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................. 1

II.    FACTUAL BACKGROUND ........................................................................... 2

III.   LEGAL STANDARDS .................................................................................... 3

IV.    ARGUMENT ................................................................................................... 4

       A.     Astro Is Entitled to Summary Judgment on  All but One (Non-
              Infringement) of S&G's Claims ............................................................. 4

              1.     S&G Bears the Burden of Establishing  Invalidity or
                     Unenforceability of the '914 Patent ............................................ 4

              2.     Lanham Act Claim Fails Because S&G  Cannot Establish
                     Essential Elements of Claim ........................................................ 7

              3.     All State Causes of Action Are Preempted by Federal Law ..................... 10

              4.     All State Causes of Action Are  Barred by the Litigation
                     Privilege ....................................................................................... 12

              5.     S&G Fails to Adduce Evidence in Support of Essential
                     Elements of State Law Claims .................................................... 13

       B.     Astro Is Entitled to Summary Judgment on All But One (Non-
              Infringement) of S&G's Affirmative Defenses ..................................... 14

              1.     Defense of "Abuse of Legal Process" Is Barred by New
                     Jersey's Litigation Privilege ....................................................... 14

              2.     S&G Adduced No Evidence of Patent Misuse ........................... 15

V.     CONCLUSION .............................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*A.K. Stamping Co. v. Instrument Specialties Co.*, 106 F. Supp. 2d 627, n.31 (D.N.J. 2000) ....... 11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................... 3

*Avery Dennison Corp. v. Acco Brands, Inc.*, No. CV99-1877 DT,
  2000 WL 986995 8 (C.D. Cal. 2000)........................................................................... 8

*B&G Plastics, Inc. v. E. Creative Indus., Inc.*, 269 F. Supp. 2d 450 (S.D.N.Y. 2003) ............... 13

*Baglini v. Lauletta*, 768 A.2d 825, 833, 338 N.J. Super. 282 (2001) ..................................... 12, 14

*Bayer AG v. Housey Pharms., Inc.*, 228 F. Supp. 2d 467 (D. Del. 2002)................................... 15

*BJ Sers. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368
  (Fed. Cir. 2003), *cert. denied*, 541 U.S. 973 (2004) ................................................... 6

*Blue Dane Simmental Corp. v. Am.n Simmental Ass'n*, 178 F.3d 1035 (8th Cir. 1999)................ 8

*Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co.*, 912 F. Supp. 7472 (D.N.J. 1995)... 13

*Coleman v. Dines*, 754 F.2d 353 (Fed. Cir. 1985)......................................................... 7

*Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537 (Fed. Cir. 1985) ..................... 9, 10

*Dello Russo v. Nagel*, 817 A.2d 426, 433, 358 N.J. Super. 254 (2003) ................................. 12

*Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802 (D.N.J. 2000) ............................. 13

*Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460 (D.N.J. 1998).................................. 8

*Engate, Inc. v. Esquire Deposition Servs., L.L.C.*, 331 F. Supp. 2d 673 (N.D. Ill. 2004)............ 5

*Fielder Agency v. Eldan Constr. Corp.*, 377 A.2d 1220,
  152 N.J. Super. 344 (N.J. Super. 1977) .................................................................... 14

*Fieldturf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366 (Fed. Cir. 2006) ............................. 13

*Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352 (Fed. Cir. 2004) ............... 6

*Geneva Pharms., Inc. v. Glaxosmithkline PLC*, 349 F.3d 1373 (Fed. Cir. 2003) ...................... 5

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
  362 F.3d 1367 (Fed. Cir. 2004)............................................................................. 10, 11

*Golan v. Pingel Enter.*, 310 F.3d 1360 (Fed. Cir. 2002) ................................................. 7, 11

*Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813 (7th Cir. 1999) ....................................... 8

*Ideal Dairy Farms v. John Labatt, Ltd.*, 90 F.3d 737 (3d Cir. 1996) ................................... 3

*Illinois Tool Works Inc. v. Independent Ink, Inc.*, 126 S. Ct. 1281 (2006) ........................... 16

*In re Ikon Office Solutions, Inc.*, 277 F.3d 658 (3d Cir. 2002)......................................... 3

*Interstate Net Bank v. NetB@nk, Inc.*, 348 F. Supp. 2d 340 (D.N.J. 2004)............................. 14

*ISCO Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 2d 489
(D. Del. 2003), *aff'd*, 123 Fed. Appx. 974 (Fed. Cir. 2005) .......................................... 9

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731 (7th Cir. 2003).................................. 8

*Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517 (3d Cir. 2004)............................................ 4

*Loctite Corp. v. Ultraseal, Ltd.*, 781 F.2d 861 (Fed. Cir. 1985) .................................................. 10

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*,
439 F.3d 1335 (Fed. Cir. 2006)........................................................... 3, 4, 6, 13

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*,
205 F. Supp. 2d 306 (D.N.J. 2002) ................................................... 4, 7, 11

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*,
68 F. Supp. 2d 494 (D.N.J. 1999) ..................................................... 5, 6, 11

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, Appeal Nos. 05-1224, 1228 ....... 1, 3

*Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700 (Fed. Cir. 1992)........................................ 9, 16

*Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co.*, 380 F. Supp. 2d 457 (D.N.J. 2005)....... 15

*Microstrategy Inc. v. Bus. Objects Americas*, 410 F. Supp. 2d 348 (D. Del. 2006)...................... 5

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891 (Fed. Cir. 1998) .............................. 9

*Nw. Mutual Life Ins. Co. v. Babayan*, 430 F.3d 121(3d Cir. 2005)................................................ 4

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*,
508 U.S. 49 (1993)...................................................................... 11

*PSN Illinois, Inc. v. Ivoclar Vivadent, Inc.*, No. 04 C 7232, 2005 WL 2347209 5 (N.D. Ill.)...... 12

*Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826 (D.N.J. 1992) .............. 8

*Surfco Hawaii v. Fin. Control Sys. Pty. Ltd.*, 1999 1997 WL 959436 2,
52 U.S.P.Q.2d 1313 (D. Haw. 1999) ................................................ 9

*Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 5705
(E.D. Pa. 1999), *aff'd*, 229 F.3d 1139 (3d Cir. 2000) ............................................ 7, 8

*Tedards v. Auty*, 557 A.2d 1030, 232 N.J. Super. 541 (App. Div. 1989) ...................................... 15

*Trinity Indus., Inc. v. Road Sys., Inc.*, 235 F. Supp. 2d 536 (E.D. Tex. 2002) ............................. 16

*TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151 (Fed. Cir. 2004)........................... 6

*U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179 (Fed. Cir. 2005),
*cert. denied, Princo Corp. v. U.S. Phillips Corp.*, __ S. Ct. __,
No. 05-1341, 2006 WL 1079058 (2006) ........................................... 15, 16

*Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860 (Fed. Cir. 1997) ...................................... 16

*Visto Corp. v. Sproquit Tech., Inc.*, 360 F. Supp. 2d 1064 (N.D. Cal. 2005) ................................ 12

*Waterloo v. Gutter Prot. Sys. Co., Inc. v. Absolute Gutter Prot., L.L.C.*,
64 F. Supp. 2d 398 (D.N.J. 1999), *dismied by agreement*,
38 Fed. Appx. 599 (Fed. Cir. 2002)............................................................ 12

iii

*Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999) ........................................ 7, 10

**Statutes**

35 U.S.C. § 102(f) .................................................................................................... 5

35 U.S.C. § 103(a) ................................................................................................... 5

35 U.S.C. § 282 ....................................................................................................... 5

35 U.S.C. § 287 ..................................................................................................... 12

## I.    INTRODUCTION

The following colloquy took place during the oral argument before the U.S. Court of Appeals for the Federal Circuit in the recently decided appeal in this case regarding Plaintiff S&G tool Aid Corporation's ("S&G") allegations:

> **Circuit Judge:**    [B]ut what is your best evidence of intent? . . .   What is that, the best evidence you have?
>
> **Mr. James:**    The fact that our, my adversary has not presented a single bit of evidence to show that the failure to disclose was inadvertent.
>
> **Circuit Judge:**    Silence is evidence then?   . . .   You're saying silence is evidence?
>
> **Mr. James:**    I'm saying that, yes.   Silence is evidence and that's the only evidence.

Transcript of Oral Argument at Federal Circuit, Dec. 6, 2005, *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, Appeal Nos. 05-1224, 1228.

The inability of counsel for S&G to articulate any evidence of culpable intent by Defendant Fisher Tool Company, Inc. d/b/a Astro Pneumatic Tool Company ("Astro") underscores the infirmity of S&G's affirmative claims.  To succeed on any of their affirmative claims, S&G must demonstrate by clear and convincing evidence that Astro knew that its patent was invalid or unenforceable.  Moreover, S&G must similarly prove that Astro's infringement allegations were made in bad faith.  S&G has not, and cannot, meet this burden.  Accordingly, as set forth below, Astro is entitled to summary judgment as to Counts Two (Unfair Competition), Three (Lanham Act), Four (New Jersey Fair Trade Act), and Six (Tortious Interference With Prospective Economic Advantage) from the Second Amended Complaint), as well as S&G's Second (Bad Faith – No Infringement), Third (Bad Faith – Invalidity), Fourth (Abuse of Legal Process), Fifth (Patent Misuse) and Sixth (Inequitable Conduct) Affirmative Defenses.

## II.    FACTUAL BACKGROUND

As the history of this case is well known to the Court from its own published decisions and that of the Federal Circuit, Astro will only recount those facts salient to the instant Motion.

In response to detailed examination, S&G President George Gering was unable to identify any evidence during his deposition that Astro acted in bad faith when it sent notices accusing S&G's product of infringing U.S. Patent No. 5,259,914 ("the '914 patent"). (Statement of Material Facts ("SOMF") ¶¶ 3-4; Declaration of Michael L. Doane ("Doane Decl.") Ex. 1 at 99 l. 7 – 101 l. 6.) Astro President Steven Fisher provided sworn testimony that his company believed the '914 patent was valid, enforceable and infringed when it sent out infringement notices accusing S&G's product of infringement. (SOMF ¶¶ 1-2; Doane Decl., Ex. 2 ¶ 6.) No evidence was adduced during discovery by S&G contradicting Mr. Fisher's testimony of his good faith belief in the validity, enforceability and infringement of his company's patent when it disseminated the notices of infringement. All evidence of record, therefore, establishes that the notice of infringement letters were sent in good faith.

During discovery, S&G failed to provide any evidence of damages attributable to the infringement notices sent by Astro. When Astro inquired, S&G refused to identify any of its customers or lost sales. (SOMF ¶ 6; Doane Decl., Exs. 4 and 5.) As of this date, S&G still has not identified in discovery a single customer. Failure to provide such discovery renders it impossible for S&G to establish a key element of its various unfair competition causes of action, i.e., damages.

In its reversal of the Court's earlier grant of summary judgment, the Federal Circuit made the following important holding:

> The issue central to the disposition of this case is whether a lack of good faith explanation for a nondisclosure of prior art, when nondisclosure is the only evidence of intent, is sufficient to

2

> constitute clear and convincing evidence to support an inference of
> intent. We agree with Astro and conclude that a failure to disclose
> a prior art device to the PTO, where the only evidence of intent is a
> lack of good faith explanation for nondisclosure, cannot constitute
> clear and convincing evidence sufficient to support a determination
> of culpable intent.

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1341 (Fed. Cir. 2006).

S&G's affirmative claims are no longer viable under this constellation of facts, and holding by

the Federal Circuit. The only "evidence" of bad faith that S&G could point to was Astro's

alleged silence. This "evidence" was wholly rejected by the Federal Circuit. Indeed, when

probed by the Federal Circuit for any other evidence of bad faith, counsel for S&G desperately

responded "[I]f it looks bad, it's bad, and if it doesn't look bad, it doesn't, it's not bad. We submit

that it looks very bad." Transcript of Oral Argument at Federal Circuit, Dec. 6, 2005, *M. Eagles*

*Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, Appeal Nos. 05-1224, 1228. What looks bad is

S&G's failure to provide any evidentiary support for its causes of action and affirmative defenses.

## III.   **LEGAL STANDARDS**

The party opposing summary judgment must present *concrete evidence supporting each*

*essential element* of its claim. *Ideal Dairy Farms v. John Labatt, Ltd.*, 90 F.3d 737, 743 (3d Cir.

1996) (emphasis added). A party will not be able to withstand a motion for summary judgment

merely by making allegations; rather, the party opposing the motion must go beyond its

pleadings and designate specific facts by use of affidavits, depositions, admissions or answers to

interrogatories showing that there is a genuine issue for trial. *In re Ikon Office Solutions, Inc.*,

277 F.3d 658, 666 (3d Cir. 2002).

The determination of whether a given factual dispute requires submission to a jury must

be guided by the substantive evidentiary standards that apply to the case. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255-56 (1986); *Nw. Mutual Life Ins. Co. v. Babayan*, 430 F.3d 121,

3

129 (3d Cir. 2005). Thus, where, as here, the clear and convincing evidence standard applies, the trial judge must inquire whether the evidence presented is such that a jury applying the evidentiary standard could find for only one side. *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 522 (3d Cir. 2004).

## IV. ARGUMENT

Since this case came before the Court in the context of previous dispositive motions, the law has continued its development toward the positions first articulated by Astro several years ago in their 1998 Response in Opposition to S&G's Motion for Partial Summary Judgment (*see* Docket Nos. 68 and 70) and 2001 Motion for Partial Summary Judgment. (*See* Docket No. 95.) In light of more recent expositions of the law, including the Federal Circuit's specific guidance in the appeal, it is now abundantly clear that the interrelated theories of recovery and defense are simply not viable. S&G previously foisted upon the Court legal conclusions that simply have not stood the test of time in light of several subsequent Federal Circuit decisions.

### A. Astro Is Entitled to Summary Judgment on All but One (Non-Infringement) of S&G's Claims

#### 1. S&G Bears the Burden of Establishing Invalidity or Unenforceability of the '914 Patent

Each and every one of S&G's affirmative claims for damages against Astro, i.e., those claims other than for a pure declaratory judgment of noninfringement (Count One, Second Amended Complaint) are premised upon the assertion that the '914 patent is either unenforceable or invalid. (*See* Second Amended Complaint ¶ 20.) It was the Court's determination of unenforceability that served as the basis for its finding of bad faith by Astro. *See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, 205 F. Supp. 2d 306, 316-17 (D.N.J. 2002) ("*M. Eagles II*"). That determination, and the inequitable conduct conclusion upon which it was based, however, was explicitly rejected by the Federal Circuit. *See M. Eagles Tool Warehouse,*

4

439 F.3d at 1341-42. The Federal Circuit's ruling leaves S&G solely with alleged invalidity as a basis for an inference of bad faith or culpable intent by Astro.

The Court, however, must presume that the '914 patent is valid. *See* 35 U.S.C. § 282. The statutory presumption of validity puts the burden of proving invalidity on the party asserting it and the burden never shifts to the patentee. *Microstrategy Inc. v. Bus. Objects Americas*, 410 F. Supp. 2d 348, 355 (D. Del. 2006); *Engate, Inc. v. Esquire Deposition Servs., L.L.C.*, 331 F. Supp. 2d 673, 678 (N.D. Ill. 2004). The presumption of validity can only be overcome by clear and convincing evidence. *Geneva Pharms., Inc. v. Glaxosmithkline PLC*, 349 F.3d 1373, 1377 (Fed. Cir. 2003).

S&G previously raised two grounds for invalidity: obviousness (35 U.S.C. § 103(a)) and inventorship (35 U.S.C. § 102(f)). The Court previously denied S&G's Motion for Summary Judgment as to these two grounds for invalidity, finding the existence of genuine issues of material fact. *See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, 68 F. Supp. 2d 494 (D.N.J. 1999) ("*M. Eagles I*"). Subsequent developments, however, have foreclosed S&G's position on obviousness and it cannot, as a matter of law, satisfy the evidentiary burden of proving invalidity based upon an alleged defect in inventorship.

The basis for S&G's claim of invalidity for obviousness was that the driver claimed in the '914 patent is the same as the Astro Model 220, which was in existence for over twenty years before the application for the '914 patent. *See M. Eagles I*, 68 F. Supp. 2d at 499. S&G's assertion that the driver protected by the '914 patent is the same as the Model 220 was squarely rejected by the Federal Circuit. In the appeal, the Federal Circuit compared the claims of the '914 patent to the features of the Model 220, finding material differences: "It appears that the Model 220 lacks all of the components in paragraphs (d), (f), (g), and (h) of claim 1 of the '914

5

patent and many of the components in paragraph (e). '914 patent, col. 11, ll. 14-50." *M. Eagles Tool Warehouse*, 439 F.3d at 1342 n.4. The Federal Circuit's findings on the differences between the features of the Astro Model 220 and the claims of the '914 patent necessarily dooms S&G's argument for invalidity for obviousness.

The basis for S&G's claim of invalidity for failure to name the correct inventor is the notion that a Japanese company, rather than Irving Fisher (the named inventor on the '914 patent), was the true inventor. *See M. Eagles I*, 68 F. Supp. 2d at 500-01. The sole evidence offered by S&G in support of its inventorship argument was the "inconsistent" deposition testimony of Steve Fisher, who played no role in the conception and reduction to practice of the invention of the '914 patent. *Id.* If this "inconsistent" testimony is S&G's sole evidence of a defect in the named inventor, then its inventorship argument fails as a matter of law.

Because a patent is presumed to be valid, its named inventor is presumed to be the true and only inventor. *Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1381 (Fed. Cir. 2004). Because of this presumption, a claim for invalidity for misjoinder or nonjoinder of an inventor must be proven by clear and convincing evidence and uncorroborated testimony alone is insufficient to meet this burden. *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1373 (Fed. Cir. 2003), *cert. denied*, 541 U.S. 973 (2004). This corroboration must be in the form or testimony of a disinterested party or physical evidence. *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1159 (Fed. Cir. 2004).

The only way S&G could successfully raise inventorship is to present the testimony of individuals connected with the Japanese company that it claims to have been the true inventor and documentary evidence corroborating their testimony. S&G must show by clear and convincing evidence that another inventor conceived and reduced to practice the complete

invention of the '914 patent prior to Astro's invention date. *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985). For whatever reason, S&G sought no discovery from any purported Japanese inventor of the '914 patent. (SOMF ¶ 7.) Nor did S&G adduce any evidence that would independently corroborate the alleged invention by a purported Japanese inventor. (*Id.*) It has, therefore, failed to adduce any evidence sufficient to establish by clear and convincing evidence that someone other than Irving Fisher was the actual inventor of the '914 patent.

### 2. Lanham Act Claim Fails Because S&G Cannot Establish Essential Elements of Claim

To succeed on a Lanham Act claim under Section 43(a), a plaintiff must prove each of the following elements: 1) the defendant made a false or misleading statement of fact in commercial advertising about the plaintiff's goods or services; 2) the statement actually deceived or is likely to deceive a substantial segment of the intended audience; 3) the deception is material in that it is likely to influence purchasing decisions; 4) the defendant caused the statement to enter interstate commerce; and 5) the statement results in actual or probable injury to the plaintiff. *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348 (Fed. Cir. 1999). The plaintiff also has the affirmative burden to show that the party making the allegedly offending statements acted in bad faith. *Golan v. Pingel Enter.*, 310 F.3d 1360, 1373 (Fed. Cir. 2002).[1]

Summary judgment is appropriate if the plaintiff fails to establish a material issue of fact as to any one of these elements. *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 575 (E.D. Pa. 1999), *aff'd*, 229 F.3d 1139 (3d Cir. 2000). S&G's Lanham Act claim must fail because it cannot establish at least three elements: commercial advertising, injury and bad faith.

---

[1] This decision was issued by the Federal Circuit on November 7, 2002. The Court's decision in *M. Eagles Tool II* was issued on June 2, 2002. The Court, thus, did not have the benefit of the Federal Circuit's guidance when it reached its earlier decision.

7

S&G fails to establish the commercial advertising element because the infringement notices of which it complains are not commercial advertising. A communication that is not designed to influence customers to purchase goods is neither "commercial advertising" nor "promotion" under the Lanham Act. *Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 480 (D.N.J. 1998). Thus, even false statements of patent rights to customers are not "commercial advertising or promotion " for Lanham Act purposes. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003). *See also Avery Dennison Corp. v. Acco Brands, Inc.*, No. CV99-1877 DT, 2000 WL 986995 *8 (C.D. Cal. 2000) (concluding that attorney's cease-and-desist letter did not, as a matter of law, constitute commercial advertising).

To show entitlement to monetary damages under the Lanham Act, a plaintiff alleging false statements must show actual damages rather than a mere tendency to be damaged. *Synygy, Inc.*, 51 F. Supp. 2d at 575. The test for recovery of compensatory damages under the Lanham Act is whether the plaintiff has shown actual diversion of customers. *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 837-38 (D.N.J. 1992). To demonstrate this diversion, a plaintiff must show a causal link between the defendant's violation of the Act and the actual damages. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819-20 (7th Cir. 1999); *Blue Dane Simmental Corp. v. Am. Simmental Ass'n*, 178 F.3d 1035, 1042 (8th Cir. 1999). S&G flatly refused to provide any discovery regarding lost sales of its product. (Doane Decl., Exs. 4 and 5.) It cannot, therefore, demonstrate injury under the Lanham Act.

The final obvious defect with S&G's Lanham Act claim is its inability to present clear and convincing evidence that Astro acted in bad faith in notifying potential infringers.

> In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights. Indeed, a patentee, acting in good faith on its belief

8

> as to the nature and scope of its rights, is fully permitted to press those rights even though he may misconceive what those rights are.

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). Indeed, even subsequent determinations of invalidity for obviousness and unenforceable due to inequitable conduct are insufficient to establish bad faith under the Lanham Act where the patentee made marketplace assertions of infringement. *ISCO Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 2d 489, 504-05 (D. Del. 2003), *aff'd*, 123 Fed. Appx. 974 (Fed. Cir. 2005).

Moreover, it is well established that "patent laws confer a right upon a patentholder to enforce its patent, including the right to threaten alleged infringers with suit." *Surfco Hawaii v. Fin. Control Sys. Pty. Ltd.*, 1999 1997 WL 959436 *2, 52 U.S.P.Q.2d 1313, 1315 (D. Haw. 1999) (citing *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, No. 97-C-11, 1997 U.S. Dist. LEXIS 22241, at *18 (E.D. Wis. 1997); *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 709 (Fed. Cir. 1992); *Lang v. Pac. Marine & Supply Co.,* 703 F. Supp. 1404, 1411 (D. Haw. 1989); *Tubeco, Inc. v. Crippen Pipe Fabrication Corp.*, 402 F. Supp. 838, 847 (E.D.N.Y. 1975), *aff'd without op.* 538 F.2d 314 (2d Cir. 1976)). The Federal Circuit has consistently held that "[a] patentee that has a good faith belief that its patents are being infringed *violates no protected right* when it so notifies infringers." *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 709 (Fed. Cir. 1992) (emphasis added); *see also Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1538 (Fed. Cir. 1985) ("patent owner has the right to . . . enforce its patent, and that includes threatening alleged infringers with suit"). Furthermore, the Federal Circuit has expressly held that:

> This privileged right of a patentee to notify the public of its patent rights is statutorily rooted in the patent laws at 35 U.S.C. § 287, which authorizes patentholders to "give notice to the public" of a patent by marking its patented article and makes marking or specific notice to the accused infringer a prerequisite to the recovery of damages.

*Zenith Elecs. Corp.*, 182 F.3d at 1353 (citing *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998)). This is the right Astro was exercising when it dispatched notice of infringement letters to those entities it believed were infringing the '914 patent either directly, contributorily or through inducement.

To establish bad faith, thus, S&G would have to show by clear and convincing evidence not only that the '914 patent was invalid or enforceable, but also that Astro was aware of its invalidity or unenforceability and purposefully made false assertions of infringement.[2] *See Concrete Unlimited*, 776 F.2d at 1539 (citing *SSIH Equip. S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 375 (Fed. Cir. 1983)). Indeed, patentee's claims of infringement are presumed to be made in good faith unless that presumption is rebutted by clear and convincing evidence. *Loctite Corp. v. Ultraseal, Ltd.*, 781 F.2d 861, 876-77 (Fed. Cir. 1985). S&G has not, and cannot, establish either of these prerequisites to continuing its pursuit of its Lanham Act claim.

### 3.    All State Causes of Action Are Preempted by Federal Law

Intermixed with its federal patent-related claims, S&G asserts three state causes of action: Unfair Competition (Second Amended Complaint, Count Two); New Jersey Fair Trade Act (*Id.*, Count Four); and Tortious Interference With Prospective Economic Advantage (*Id.*, Count Six). These state-law claims must fail because federal patent law preempts state claims arising from patent-related communications. *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004) (state law claims arising from infringement allegations are

---

[2] It should be noted that former parties to this action, such as Counterclaim Defendant C.R.C. Line, have expressly admitted infringement of the '914 patent. *See* Stipulation of Dismissal (Doane Decl., Ex. 3).

preempted even if the timing of the allegations suggested subjective bad faith).   The only exception to this preemption is where the allegations are "objectively baseless."  *Id.*[3]

S&G has not, and could not, present evidence showing that Astro's infringement allegations were objectively baseless.   "Objectively baseless" is litigation which no objective litigant could conclude was reasonably calculated to elicit a favorable outcome.  *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993).   The Court's denial of S&G's Motion for Summary Judgment as to invalidity for obviousness and inventorship in *M. Eagles I* and the Federal Circuit's reversal of the Court's granting of summary judgment as to enforceability in *M. Eagles II* demonstrate, perforce, that Astro's allegations of infringement were objectively reasonable.

To succeed on its state-law claims against Astro S&G must ultimately show, by clear and convincing evidence, that Astro's infringement allegations were objectively false and that Astro made the allegations in bad faith.  *Golan v. Pingel Enter.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002); *see also A.K. Stamping Co. v. Instrument Specialties Co.*, 106 F. Supp. 2d 627, 649, n.31 (D.N.J. 2000) (citing *Zenith Elecs.*, 182 F.3d at 1355) ("In cases in which the patentee was charged with tortious interference stemming from its publicizing its patent in the marketplace, the Federal Circuit has imposed a 'bad faith' requirement in order for the state law claim to avoid federal preemption").   "Bad faith" is defined as knowledge of incorrectness or falsity or disregard for either.  *Id.*  For reasons already amply discussed above, S&G fails to meet its burden in this regard.

---

[3]  The Court's June 3, 2002, determination that the state law claims were not preempted in *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, 205 F. Supp. 2d 306, 319-20 (D.N.J. 2002) is superseded by this later, controlling authority.

4.    **All State Causes of Action Are**
      **Barred by the Litigation Privilege**

Even were they not preempted by federal patent law, the state causes of action asserted by S&G are barred by New Jersey's litigation privilege.  The litigation privilege extends to any communication:  1) made in judicial and quasi-judicial proceedings; 2) by litigants or other participants authorized by law; 3) to achieve the objects of the litigation; and 4) that have some connection or logical relation to the action.  *Dello Russo v. Nagel*, 817 A.2d 426, 433, 358 N.J. Super. 254, 265-66 (2003).  The litigation privilege extends to all statements or communications connected with a judicial proceeding.  *Baglini v. Lauletta*, 768 A.2d 825, 833, 338 N.J. Super. 282, 297 (2001).

The infringement notices that form the basis of S&G's claims[4] are communications related to Astro's claim for infringement against S&G.  Indeed, such notification is a prerequisite to suit under 35 U.S.C. § 287.  The Court has held that New Jersey's litigation applies to notices of infringement.  *See Waterloo v. Gutter Prot. Sys. Co., Inc. v. Absolute Gutter Prot., L.L.C.*, 64 F. Supp. 2d 398, 411-413 (D.N.J. 1999), *dismised by agreement*, 38 Fed. Appx. 599 (Fed. Cir. 2002).  Other courts have also found that notices of infringement of the variety circulated by Astro were immunized from state tort liability under their corresponding litigation privilege.  *See, e.g., PSN Illinois, Inc. v. Ivoclar Vivadent, Inc.*, No. 04 C 7232, 2005 WL 2347209 *5 (N.D. Ill.); *Visto Corp. v. Sproquit Tech., Inc.*, 360 F. Supp. 2d 1064, 1068-1073 (N.D. Cal. 2005).  There is, therefore, no basis in law to hold Astro liable under state causes of action for the conduct at issue in the Second Amended Complaint.

---

[4]  *See, e.g.,* Second Amended Complaint, Exhibits 7 (March 12, 1997, letter from Steven Fisher) and 8 (December 20, 1996, letter from Louis A. Mastriani, Esq.).

**5.    S&G Fails to Adduce Evidence in Support
of Essential Elements of State Law Claims**

Even were the Court to find against federal preemption or the applicability of New Jersey's litigation privilege, S&G's state law claims still must fail because it has failed to adduce evidence in support of essential elements of those claims. S&G's tortious interference with prospective economic advantage claim fails because S&G has not, and cannot, establish malice by Astro in light of the Federal Circuit's decision finding no intent on the part of Astro to deceive the PTO. As malice is an essential element of tortious interference (*see, e.g., Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co.*, 912 F. Supp. 747, 772 (D.N.J. 1995)), that claim must fail.

S&G's statutory and common-law unfair trade practices claims fail for a similar inability to establish the requisite degree of intent by Astro. Enforcement of a patent reasonably believed to be infringed is not unfair competition. *Fieldturf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1372 (Fed. Cir. 2006). Indeed, patentees do not violate the rules of fair competition by making representations that later turn out to be inaccurate. *B&G Plastics, Inc. v. E. Creative Indus., Inc.*, 269 F. Supp. 2d 450, 469 (S.D.N.Y. 2003). The Federal Circuit's decision vitiates the basis of S&G's previously successful arguments for intent to deceive. *See, e.g., M. Eagles Tool Warehouse*, 439 F.3d at 1341 ("When the absence of a good faith explanation is the only evidence of intent, however, that evidence alone does not constitute clear and convincing evidence warranting an inference of intent.") Additionally, the acts of Astro simply do not constitute an unfair trade practice as that concept is understood under New Jersey law.

New Jersey statutory unfair competition, N.J.S.A. 56:4-1, consists of misappropriation of property having a commercial or pecuniary value. *Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802, 815 (D.N.J. 2000). No such misappropriation was pleaded by S&G in the Second

Amended Complaint or proven during discovery. The elements of a claim for common law unfair competition in New Jersey are: 1) intent to deceive and 2) the likelihood of deception or confusion. *Interstate Net Bank v. NetB@nk, Inc.*, 348 F. Supp. 2d 340, 352-53 (D.N.J. 2004). Thus, the Federal Circuit's rejection of any intent also eviscerates S&G's claim for common law unfair competition.

**B.     Astro Is Entitled to Summary Judgment on All But
        One (Non-Infringement) of S&G's Affirmative Defenses**

S&G's Second ("Bad Faith-No Infringement), Third (Bad Faith-Invalidity) and Sixth (Inequitable Conduct) Affirmative defenses are inapplicable for the reasons set forth above. Its two remaining affirmative defenses, upon examination, fare no better.

**1.     Defense of "Abuse of Legal Process" Is
        Barred by New Jersey's Litigation Privilege**

In its "Fourth Affirmative Defense – Abuse of Legal Process," S&G claims that Astro's counterclaims against S&G's customers "abused the legal process and has violated Fed. R. Civ. P. 11(b)." (Amended Reply to the Counterclaim at 8.) In addition to suffering the same infirmities of the other affirmative defenses relying upon an allegation of bad faith disposed of above, its affirmative defense of "Abuse of Legal Process" is barred by New Jersey's litigation privilege. The litigation privilege is applicable to abuse of process. *Baglini v. Lauletta*, 768 A.2d 825, 833-34, 338 N.J. Super. 282, 297-98 (2001). S&G's Fourth Affirmative Defense, thus, is without merit. Furthermore, S&G cannot even establish "further acts" as required by New Jersey law to support an allegation of abuse of process.

The elements of abuse of process in New Jersey are: 1) an ulterior motive and 2) some further act after issuance of process representing the perversion of the legitimate use of process. *Fielder Agency v. Eldan Constr. Corp.*, 377 A.2d 1220, 1222, 152 N.J. Super. 344 (N.J. Super. 1977). "We have emphasized that process has not been abused unless after its issuance the

defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." *Tedards v. Auty*, 557 A.2d 1030, 1035, 232 N.J. Super. 541 (App. Div. 1989). No such further acts are evident in the case at bar related to Astro's counterclaim.

### 2. S&G Adduced No Evidence of Patent Misuse

S&G asserts patent misuse as its Fifth Affirmative Defense in its Amended Reply to the Counterclaim. (*See id.* at 8.) While S&G pleads the elements of a skeletal affirmative defense of patent misuse, it adduced no evidence during discovery to support the prerequisites of this defense.

Patent misuse is an affirmative defense that relates generally to the use of patent rights to obtain or coerce an unfair commercial advantage. *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co.*, 380 F. Supp. 2d 457, 464 (D.N.J. 2005). Aggressive enforcement of a patentee's rights is not patent misuse. *Bayer AG v. Housey Pharms., Inc.*, 228 F. Supp. 2d 467, 471 (D. Del. 2002) (patent holder's enforcement threats did not constitute misuse even where accused products were subsequently determined to be non-infringing).

The key inquiry under the patent misuse doctrine is whether, by imposing conditions that derive their force from the patent, the patentee has impermissibly broadened the scope of the patent grant with anticompetitive effect. *U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005), *cert. denied, Princo Corp. v. U.S. Phillips Corp.*, __ S. Ct. __, No. 05-1341, 2006 WL 1079058 (2006). The anticompetitive effect may be evaluated under a per se or rule of reason approach. Certain practices constitute per se patent misuse, such as impermissible tying arrangements. *See, e.g., Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d

860, 868-869 (Fed. Cir. 1997).[5] Where, as here, the practice of the patentee does not constitute misuse per se, a court must apply a rule of reason to determine whether the restriction sought by the patentee is reasonably within the patent grant. *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 708-09 (Fed. Cir. 1992). Notably, the Federal Circuit has rejected the proposition that mailing notices of infringement to apparent infringers constitutes patent misuse. *See Virginia Panel Corp.*, 133 F.3d at 868.

The United States Supreme Court has recently held in a unanimous decision that the mere ownership of a patent does not support an inference of market power. *See Illinois Tool Works Inc. v. Independent Ink, Inc.*, 126 S. Ct. 1281, 1293 (2006). Absent discrete evidence, therefore, S&G cannot establish Astro's market power for misuse purposes and S&G has adduced no such evidence. Furthermore, S&G has failed to establish any effect in the marketplace based upon Astro's allegations of infringement.

S&G refused during discovery to identify any customers affected by Astro's allegations. (SOMF ¶ 6; Doane Decl., Exs. 4 and 5.) This failure of proof by S&G further dooms its defense of patent misuse. An allegation of patent misuse must fail absent evidence of anticompetitive effect. *Trinity Indus., Inc. v. Road Sys., Inc.*, 235 F. Supp. 2d 536, 541-42 (E.D. Tex. 2002) ("Defendants have presented no relevant evidence on any one of the rule of reason factors in order to show that Plaintiffs' actions had any anticompetitive effect."). Accordingly, S&G's patent misuse defense must fail as a matter of law.

---

[5] Although in light of the Federal Circuit's 2005 decision in *U.S. Philips Corp. v. Int'l Trade Comm'n* and the U.S. Supreme Court's 2006 decision in *Illinois Tool Works Inc. v. Independent Ink.*, the continued viability of the per se misuse doctrine is questionable.

## V.    **CONCLUSION**

For the reasons set forth above, Astro respectfully requests this Honorable Court grant summary judgment in favor of Astro on Counts Two (Unfair Competition), Three (Lanham Act), Four (New Jersey Fair Trade Act), and Six (Tortious Interference With Prospective Economic Advantage) from the Second Amended Complaint, as well as S&G's Second (Bad Faith – No Infringement), Third (Bad Faith – Invalidity), Fourth (Abuse of Legal Process), Fifth (Patent Misuse) and Sixth (Inequitable Conduct) Affirmative Defenses.  This will streamline the case for discovery and trial, leaving solely the core infringement dispute for adjudication.

Respectfully submitted,

Eric A. Savage
LITTLER MENDELSON, P.C.
One Gateway Center, Third Floor
Newark, New Jersey 07102
(973) 848-4700

Louis S. Mastriani
Rodney R. Sweetland, III
Michael L. Doane
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
(202) 467-6300

*Counsel for Defendant FISHER TOOLING COMPANY, INC. d/b/a ASTRO PNEUMATIC TOOL COMPANY*

Dated:  July 10, 2006

AS700706-92